**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TOSHA LONG,

    Plaintiff,

v.                                                          Case No. 1:19-cv-03563

THE BUREAUS, INC.

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, TOSHA LONG, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, THE BUREAUS, INC., as follows:

### NATURE OF THE ACTION

1.      This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

4.      TOSHA LONG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Prophetstown, Illinois.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7.     THE BUREAUS, INC. ("The Bureaus") is a domestic corporation with its principal place of business in Northbrook, Illinois.

8.     The Bureaus is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.     The Bureaus uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

10.    The Bureaus is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1114.

12.    At all times relevant, Plaintiff's number ending in 1114 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13.    At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14.    In 2018, Plaintiff started to receive phone calls from The Bureaus seeking to collect an alleged unpaid veterinary bill.

15.    Plaintiff's alleged unpaid veterinary bill is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.    Upon information and belief, The Bureaus obtained Plaintiff's number ending in 1114 through skip tracing.

17.    On multiple occasions, Plaintiff answered, experienced noticeable pause prior to being connected, then demanded that The Bureaus "stop calling."

18.     On multiple occasions, Plaintiff requested that The Bureaus verify this debt as Plaintiff did not believe she had incurred it.

19.     In spite of Plaintiff's multiple demands, The Bureaus continued/continues to place phone calls to Plaintiff's number ending in 1114 seeking to collect Plaintiff's alleged debt.

20.     Whatismore, The Bureaus refused to verify this debt; despite, representing they were in possession of Plaintiff's signature assuring this alleged debt.

21.     In total, The Bureaus has placed (or caused to be placed) no less than 30 unconsented-to phone calls to Plaintiff in spite of Plaintiff's multiple requests that they stop.

22.     The Bureaus' unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

23.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

24.     Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a

3

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

25.     The Bureaus violated 15 U.S.C. §§ 1692d(5) by calling Plaintiff on no less than 30 occasions, despite Plaintiff's multiple requests that The Bureaus stop calling.

26.     The Bureaus' behavior of repeatedly calling Plaintiff despite Plaintiff's multiple requests that The Bureaus stop calling, was abusive, harassing, and oppressive.

27.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

> (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that The Bureaus violated 15 U.S.C. § 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of The Bureaus's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. The Bureaus placed or caused to be placed no less than 30 non-emergency calls, including but not limited to the aforementioned phone calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

30. Upon information and belief, based on the "noticable pause" Plaintiff experienced, The Bureaus employed an ATDS to place calls to Plaintiff's cellular telephone.

31. Upon information and belief, the ATDS employed by The Bureaus transfers the call to a live representative once a human voice is detected, hence the noticeable pause.

32. Upon information and belief, the ATDS employed by The Bureaus has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

33. Upon information and belief, The Bureaus acted through its agents, employees, and/or representatives at all times relevant.

5

34.     As a result of The Bureaus' violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

35.     As a result of The Bureaus' *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that The Bureaus violated 47 U.S.C. § 227 *et seq*.;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 29, 2019                         Respectfully submitted,

                                            **TOSHA LONG**

                                            */s/ Joseph S. Davidson*

                                            Joseph S. Davidson
                                            Mohammed O. Badwan
                                            SULAIMAN LAW GROUP, LTD.
                                            2500 South Highland Avenue
                                            Suite 200
                                            Lombard, Illinois 60148
                                            +1 630-575-8181
                                            jdavidson@sulaimanlaw.com
                                            mbadwan@sulaimanlaw.com