IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOSHA LONG, <br><br> Plaintiff, <br><br> v. <br><br> THE BUREAUS, INC. <br><br> Defendant. | Case No. 19-cv-03563 <br><br> Honorable John J. Tharp, Jr. |

## FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, TOSHA LONG, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, THE BUREAUS, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4. TOSHA LONG ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Prophetstown, Illinois.

5. THE BUREAUS, INC. ("The Bureaus") is a domestic corporation with its principal place of business in Northbrook, Illinois. The Bureaus is a master servicer for accounts receivable portfolios and collects debts on behalf others.

## **FACTUAL ALLEGATIONS**

6. In 2011, Plaintiff's ex-husband, Mark Rockett ("Rockett"), obtained medical services for his canine at Dundee Animal Hospital located in East Dundee, Illinois.

7. Rockett fraudulently signed Plaintiff's name on the payment agreement entered into with Dundee Animal Hospital.

8. At the time the medical services were provided by Dundee Animal, Plaintiff was separated from Rockett and residing in Prophetstown, Illinois.

9. Upon information and belief, Rockett did not make any payments to East Dundee Hospital for the medical services ("subject debt").

10. Upon information and belief, East Dundee Hospital placed the subject debt with Defendant for collection in 2012.

11. In 2016, Defendant started placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

12. Plaintiff answered one of Defendant's calls and advised Defendant that the subject debt belongs to Rockett and not her and requested proof of that the subject debt belongs to her.

13. Furthermore, Plaintiff advised Defendant that she was in the hospital at the time the subject debt was incurred and thus the debt could not have possibly been incurred by her.

14. Despite being advised that the subject debt does not belong to Plaintiff, Defendant continued placing collection calls to Plaintiff.

15. Feeling harassed by the collection calls, Plaintiff requested that Defendant cease the collection calls to no avail.

16. In 2018, frustrated with Defendant's collection calls, Plaintiff answered the phone and requested that Defendant direct any future communications to her attorney Jeffery Hyslip.

17. Plaintiff's request fell on deaf ears and Defendant continued to place collection calls to Plaintiff.

18. In total, Defendant placed dozens of collection calls to Plaintiff from 2016 through May 2019.

19. Moreover, Defendant sent Plaintiff written correspondences demeaning Plaintiff and falsely representing that Plaintiff is legally obligated to pay the subject debt.

20. Specifically, one of the written correspondences stated "Don't you care about your moral and legal obligations? Do you really think avoiding addressing an issue with someone that can help you makes sense?"

## DAMAGES

21. Plaintiff is disabled and is confined to a wheelchair.

22. Defendant's harassing collection calls and written correspondences caused Plaintiff significant emotional distress and mental anguish as she was led to believe she was legally responsible for debt that does not belong to her.

23. Plaintiff was forced to retain counsel to compel Defendant to cease its collection calls, incurring attorney's fees and costs.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The debt that Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because it was incurred for a personal or family purpose (medical services).

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

### a. Violations of FDCPA §1692d

28. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§1692d and d(5) by placing dozens of collection calls to Plaintiff's cellular phone attempting to collect a debt that Plaintiff does not owe.

31. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff as demonstrated by the fact that Plaintiff disputed ownership of the subject debt and requested that the calls cease.

### b. Violations of FDCPA §1692e

32. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

33. Defendant violated §1692e and e(10) by falsely representing to Plaintiff that she was legally liable for the subject debt when in fact she was not.

### c. Violations of FDCPA §1692c(a)(2)

34. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer after the debt collector is notified that the consumer is represented by counsel.

35. Defendant violated §1692c(a)(2) by continuing to communicate with Plaintiff after Plaintiff notified Defendant that she is represented by counsel during a phone call with Defendant.

**WHEREFORE** Plaintiff, TOSHA LONG , requests that this Honorable Court:

a. Enter judgment in her favor and against Defendant;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 20, 2019　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Mohammed O. Badwan*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Mohammed O. Badwan, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Sulaiman Law Group, Ltd.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　2500 S. Highland Ave., Ste. 200
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Lombard, Illinois 60148
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Phone (630) 575-8180
　　　　　　　　　　　　　　　　　　　　　　　　　　　　mbadwan@sulaimanlaw.com